IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CYNTHIA RAMOS, Individually and On Behalf of All Others Similarly Situated, §§§§§ *Plaintiff* §§ v. §§ MEIXSELL THOMPSON LLC d/b/a §§ BARRELS AND AMPS, and §§ DINA MEIXSELL, §§§ *Defendants* § | Civil Action No. 1:25-cv-1594 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Named Plaintiff Cynthia Ramos brings this suit individually and as a collective action on behalf of other similarly situated employees against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended, and shows as follows:

**I. NATURE OF SUIT**

1.  Defendants have violated the FLSA by failing to pay their bartenders and servers the minimum wage of $7.25 per hour and by allowing its managers to keep part of the bartenders' and servers' tips.

2.  Specifically, Defendants paid their bartenders and servers a base "cash" wage of less than $7.25 per hour and would need a tip credit to make up the difference. However, Defendants didn't meet the FLSA's requirements for taking a tip credit because: (a) Defendants didn't inform the bartenders or servers of the FLSA's tip credit provisions, including that they must be able to retain all their tips; (b) Defendants required the bartenders and servers to pay for customer walkouts and cash register shortages from their tips; and (c) Defendants required the bartenders and servers to

share their tips with managers who weren't eligible to participate in tip pools.

3.     Cynthia Ramos brings this action as a collective action under 29 U.S.C. § 216(b) and seeks authorization to send notice to similarly situated employees of their right to join.

## II. PARTIES

4.     Named Plaintiff Cynthia Ramos is an individual who resides in Williamson County, Texas. Her consent form is attached as Exhibit A.

5.     Defendant Meixsell Thompson LLC is a Texas limited liability company that did business as Barrels and Amps during the time relevant to this lawsuit. Defendant maintained its principal place of business in Georgetown, Texas, and can be served with process through its registered agent and director, Dina Meixsell, at 131 Ranch View Road, Georgetown, Texas 78626.

4.     Defendant Dina Meixsell is an individual residing in Williamson County, Texas. She can be served with process at 131 Ranch View Road, Georgetown, Texas 78626 or at 113 Longwedge Lane, Georgetown, Texas 78628.

## III. JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction in this matter under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law—specifically, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court also has personal jurisdiction over all parties to this action.

6.     Venue is proper in the Austin Division of the United States District Court for the Western District of Texas. A substantial part of the events forming the basis of this suit occurred in Williamson County, Texas, which is in this District and Division. Plaintiff was an employee of the Defendant and performed work for Defendant in Williamson County, Texas. Defendant is subject

to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district, as residency is defined in 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

7.     At all relevant times until it closed for business, Defendant Meixsell Thompson LLC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, and in that it had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8.     In the performance of their work, Plaintiff Cynthia Ramos and Defendants' other bartenders and servers handled goods and materials that moved in interstate commerce, including alcoholic beverages, drinking and eating utensils, food products, cleaning supplies, and point-of-sale equipment.

## V. EMPLOYMENT RELATIONSHIP

9.     At all relevant times, Plaintiff Cynthia Ramos and Barrels and Amps's other bartenders and servers were "employees," as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)).

10.    At all relevant times, Defendant Meixsell Thompson LLC dba Barrels and Amps was an "employer," as defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d), of Cynthia Ramos and Barrels and Amps's other bartenders and servers.

11.    At all relevant times, Defendant Dina Meixsell was an "employer," as defined in Section

3(d) of the FLSA, 29 U.S.C. § 203(d), of Cynthia Ramos and Barrels and Amps's other bartenders and servers.

12. Dina Meixsell was a joint employer, together with Meixsell Thompson LLC, of Plaintiff Cynthia Ramos and Barrels and Amps's other bartenders and servers.

13. During the relevant time period, Defendant Dina Meixsell acted, directly or indirectly, in the interest of Barrels & Amps with respect to Cynthia Ramos and Defendants' other bartenders and servers.

14. At all relevant times, Defendant Dina Meixsell had an ownership interest in Barrels and Amps.

15. At all relevant times, Defendant Dina Meixsell was the director and registered agent of Defendant Meixsell Thompson LLC dba Barrels and Amps.

16. At all relevant times, Defendant Dina Meixsell exercised operational control over Barrels and Amps.

17. At all relevant times, Defendant Dina Meixsell exercised final authority over all decisions on Barrels and Amps's general business matters.

18. At all relevant times, Defendant Dina Meixsell possessed and exercised the authority to hire and fire Barrels and Amps's employees.

19. Defendant Dina Meixsell personally hired and fired Cynthia Ramos and other Barrels and Amps employees.

20. Together with managers she personally hired and supervised, Defendant Dina Meixsell controlled Cynthia Ramos's and Barrels' and Amps's other bartenders' and servers' work schedules and conditions of employment.

21. Together with managers she personally hired and supervised, Defendant Dina Meixsell supervised Cynthia Ramos's and Barrels' and Amps's other bartenders' and servers' work.

22. Defendant Dina Meixsell determined the rate and method of Cynthia Ramos's and Barrels' and Amps's other bartenders' and servers' compensation.

23. Defendant Dina Meixsell personally established and maintained the illegal policies and practices giving rise to this lawsuit.

24. Defendant Dina Meixsell maintained Cynthia Ramos's and Barrels' and Amps's other bartenders' and servers' employment records.

25. Defendant Dina Meixsell handled Cynthia Ramos's and Barrels' and Amps's other bartenders' and servers' payroll.

## VI. FACTUAL ALLEGATIONS

26. Defendant Meixsell Thompson LLC owned and operated a business establishment known as Barrels and Amps in Georgetown, Texas, which was a bar, restaurant, and live music venue.

27. Barrels and Amps closed for business in or about December 2024.

### Cynthia Ramos's Employment

28. Barrels and Amps employed Plaintiff Cynthia Ramos from approximately May 2023 until approximately December 14, 2023.

29. Cynthia Ramos worked as a bartender and server at Barrels and Amps.

30. Dina Meixsell referred to Ms. Ramos as a "manager" for some of her shifts.

31. However, Ms. Ramos didn't supervise anyone.

32. She was always, or almost always, the only employee working on her "manager" shifts.

33. Other than shifts where she worked alone, another manager was always, or almost always,

present who supervised Ms. Ramos and the rest of the staff.

## Sub-Minimum Cash Wage

34. Barrels and Amps paid Ms. Ramos a base, or "cash" wage, of $2.13 an hour for shifts she was designated as a bartender or server in the company's timekeeping system, which accounted for the vast majority of her shifts.

35. On shifts where Ms. Ramos was designated as a "manager" in the timekeeping system, Barrels and Amps paid her $18 an hour. These shifts were rare—usually only one or no shifts per week.

36. Even in weeks in which she had a "manager" shift that paid $18 an hour, her average wage for the week was always, or almost always, still below $7.25 due to the fact that she was only paid $2.13 an hour for the rest of her shifts.

37. Barrels and Amps similarly paid its other bartenders and servers a "cash" wage of less than $7.25 an hour.

## Tip Credit Requirements Not Met

38. Barrels and Amps did not meet the requirements for taking a tip credit in order to make up the difference between her "cash" wage and the FLSA's minimum wage of $7.25.

39. First, Barrels and Amps failed to inform Ms. Ramos and its other bartenders and servers of the provisions of section 3(m)(2)(A)(ii) of the FLSA.

    a. Barrels and Amps failed to inform Ms. Ramos and its other bartenders and servers of any of the specific items required by 29 C.F.R. § 531.59(b), the regulation implementing section 3(m)(2)(A)(ii)'s notice requirement.

    b. For example, Barrels and Amps did not inform Ms. Ramos or its other bartenders

or servers that all tips received must be retained by the employee (except for a valid tip pooling arrangement).

    c.    Nor could Barrels and Amps have possibly given the required notice because it told Ms. Ramos and its other bartenders and servers precisely the opposite: (1) that they were required to pay for unpaid customer tabs ("walkouts") and cash register shortages out of their tips; and (2) that they had to share their tips with managers (who were ineligible to participate in a tip pool).

    d.    Barrels and Amps's failure to provide the required notice divests it of the tip credit for every workweek in the relevant time period.

40.    Second, Barrels and Amps did not allow Ms. Ramos or its other bartenders or servers to retain all their tips, as required by section 203(m)(2)(A)(ii).

    a.    Barrels and Amps maintained a policy requiring its bartenders and servers to pay for unpaid customer tabs (walkouts) and cash register shortages from their tips.

    b.    Barrels and Amps enforced that policy against Ms. Ramos, requiring her to pay for customer walkouts out of her tips on multiple occasions.

    c.    Barrels and Amps routinely enforced that policy against its other bartenders and servers, requiring them to pay for customer walkouts out of their tips on many occasions.

    d.    Barrels and Amps required the bartenders and servers to share their tips with managers who weren't eligible to participate in tip pools.

    e.    Managers, including Diandra ("DeeDee) Kerns and Natalia Meixsell, routinely took a portion of the tips pooled by bartenders and/or servers, including Ms. Ramos.

41.    Barrels and Amps's practice of allowing managers to keep part of Ms. Ramos's and its other

bartenders' and servers' tips is also an independent violation of the FLSA, 29 U.S.C. § 203(m)(2)(B), for which they are also entitled to restitution of their tips. § 216(b).

42. The managers who kept a portion of Ms. Ramos's and other bartenders' and servers' tips met the definition of "managers or supervisors" within the meaning of section 203(m)(2)(b).

43. Defendants knowingly, willfully, or with reckless disregard carried out its illegal policies and practices of failing to pay Ms. Ramos and its other bartenders and servers the minimum wage and of misappropriating their tips.

## VII. CAUSES OF ACTION: FLSA

44. The above-stated facts constitute a violation of the FLSA's minimum wage requirement, 29 U.S.C. §§ 206.

45. The above-stated facts also constitute a violation of the FLSA's allowing managers or supervisors to keep any portion of employees' tips. 29 U.S.C. §§ 203(m)(2)(B).

## VIII. COLLECTIVE ACTION

46. Under 29 U.S.C. § 216(b), Plaintiff Cynthia Ramos seeks authorization to send notice of the right to join this lawsuit to a group of similarly situated employees delineated as follows (the "Similarly Situated Employees"):

> **All former employees of Barrels and Amps who worked as bartenders or servers at any time during the three year-period preceding the Court's entry of this Order.**

47. Plaintiff Cynthia Ramos and the Similarly Situated Employees performed the same or similar job duties as one another, as set forth above.

48. Further, Plaintiff Cynthia Ramos and the Similarly Situated Employees were denied the minimum wage and had their tips misappropriated and given to managers under the same policies or practices described above.

49.     Application of those policies or practices does not depend on the personal circumstances of the Plaintiff Cynthia Ramos or the Similarly Situated Employees. Thus, the Similarly Situated Employees are owed unpaid minimum wages and their misappropriated tips for the same reasons as Plaintiff Cynthia Ramos, without regard to their individualized circumstances.

## IX. JURY DEMAND

50.     Plaintiff demands a trial by jury.

## XI. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff Cynthia Ramos prays that this Court:

    a.     Issue an expedited Order authorizing notice to the Similarly Situated Employees under 29 U.S.C. § 216(b);

    b.     Award her and the Similarly Situated Employees damages for the following:

        1. her unpaid minimum wages and misappropriated tips; plus

        2. an equal amount of liquidated damages, under 29 U.S.C. § 216(b); plus

        3. post-judgment interest;

    c.     Award her and the Similarly Situated Employees reasonable attorney's fees and the costs of this action under the FLSA; and

    d.     Grant such other relief as this Court deems just and proper.

Respectfully submitted,

**FAIR LABOR LAW**

By: */s/ Aaron Johnson*
Aaron Johnson
State Bar No. 24056961
ajohnson@fairlaborlaw.com
314 E. Highland Mall Blvd, Ste. 401
Austin, Texas 78752
Ph: (512) 277-3505
Ph: (512) 277-3254

**ATTORNEY FOR PLAINTIFFS**