IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CYNTHIA RAMOS, Individually And on behalf of All Other Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MEIXSELL THOMPSON LLC d/b/a BARRELS AND AMPS, and DINA MEIXSELL,<br><br>    Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 1:25-cv-1594 |

**DEFENDANTS' ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Meixsell Thompson LLC, d/b/a Barrells and Amps, and Dina Meixsell ("Defendants"), files this Original Answer to Plaintiff's Original Complaint (hereinafter referred to as "Complaint"):

### I.     ORIGINAL ANSWER ADMISSIONS AND DENIALS

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:[1]

1. Defendants deny the allegations of paragraph 1 of the Complaint.

2. Defendants deny the allegations of paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions which require no answer by Defendants, but to the extent that such allegations require an answer, they are denied.

---

[1] Any paragraph not specifically admitted to is hereby denied.

4. Plaintiff is without information to admit or deny the allegations in the initial paragraph 4 of the Complaint.

5. Defendants are unaware of the time period being considered as "relevant" to this lawsuit; thus the initial paragraph 5 cannot be completely admitted.  Defendants admit the other allegations in the initial paragraph 5 of the Complaint, except the stated address is wrong; thus, that portion is also denied.

6. Defendants admit the allegations in the second paragraph 4 of the Complaint. except the stated address is wrong; thus, that portion is denied.

7. Defendants admit the allegations in the second paragraph 5 of the Complaint.

8. Defendants admit the allegations in paragraph 6 of the Complaint.

9. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 7 cannot be completely admitted.  The remainder is admitted.

10. Defendants admit the allegations in paragraph 8 of the Complaint.

11. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 9 cannot be completely admitted.  The remainder is admitted.

12. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 10 cannot be completely admitted.  The remainder is admitted

13. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus the time period for paragraph 11 cannot be completely admitted.  The remainder is admitted.

14. The FLSA does not define "joint employer"; thus, paragraph 12 is denied.

15. Paragraph 13 is vague and ambiguous; thus, it is denied.

16. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 14 cannot be completely admitted. The remainder is admitted.

17. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 15 cannot be completely admitted. The remainder is admitted.

18. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 16 cannot be completely admitted. The remainder is admitted.

19. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 17 cannot be completely admitted. Defendants admit that Defendant Dina Meixsall ("Meixsell") had final authority on almost all decisions, but not on all decisions.

20. Defendants are unaware of the time period being considered as "relevant times" for this lawsuit; thus, the time period for paragraph 18 cannot be completely admitted. The remainder is admitted.

21. Defendants admit to the allegations of paragraph 19, except it is unaware the extent Meixsell was involved in hiring; thus it cannot be admitted at this time.

22. Defendants admit to the allegations of paragraph 20.

23. Defendants admit to the allegations of paragraph 21.

24. Defendants admit to the allegations of paragraph 22.

25. Defendants deny to the allegations of paragraph 23.

26. Defendants admit to the allegations of paragraph 24.

27. Defendants admit to the allegations of paragraph 25.

28. Defendants admit to the allegations of paragraph 26.

29. Defendants admit to the allegations of paragraph 27.

30. Paragraph 28 is close to being accurate and partially admitted, as records show Plaintiff was employed by Defendants from May 31, 2023, to December 10, 2023.

31. Defendants admit to the allegations of paragraph 29.

32. Paragraph 30 is close to being accurate and partially admitted, as records show Plaintiff was employed as a shift leader on occasion, and some used a designation of her as a "Manager" on these occasions. Other factual allegations or inferences are denied.

33. Defendants admit to the allegations of paragraph 31.

34. Paragraph 32 is close to being accurate and partially admitted, as records show Plaintiff was employed as a shift leader on occasion, and some used a designation of her as a "Manager" on these occasions, and she was believed to be the only employee working on these occasions. Other factual allegations or inferences are denied.

35. Defendants admit to the allegations of paragraph 33.

36. Defendants admit to the allegations of paragraph 34.

37. Defendants admit to the allegations of paragraph 35.

38. Defendants deny the allegations of paragraph 36.

39. It is unknown what the term "cash" wage is referring to in paragraph 37; thus, this paragraph is denied.

40. Defendants deny the allegations of paragraph 38.

41. Defendants deny the allegations of paragraph 39, (including a-d).

42. Defendants deny the allegations of paragraph 40, (a-e)

43. Defendants deny the allegations of paragraph 41.

44. Defendants deny the allegations of paragraph 42.

45. Defendants deny the allegations of paragraph 43.

46. Defendants deny the allegations of paragraph 44.

47. Defendants deny the allegations of paragraph 45.

48. Paragraph 46 is a statement for which admission or denial is required.

49. Defendants deny the allegations of paragraph 47.

50. Defendants deny the allegations of paragraph 48.

51. Defendants deny the allegations of paragraph 49

52. Paragraph 50 is a statement for which admission or denial is required.

## GENERAL DENIAL

Defendants hereby denies each and every allegation in Plaintiff's Original Complaint, except those admitted above, and demands strict proof thereof.

## JURY DEMAND

Defendants also request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.
2. Defendants are entitled to tip credit for minimum wage purposes as adequate notice was provided to all employees, including Plaintiff(s). This notice included, but was not limited to, (a) the intent to pay these certain employees a cash wage of $2.13 per hour, to be supplemented by tips received, to offset any requirement to pay the minimum wage, with any underage covered by Defendants, and (b) Plaintiff(s) and other employees were allowed to keep all their tips, except in circumstances where permissible tip pooling was allowed by law.
3. Defendant did not impermissibly deduct monies from the paycheck or tips from Plaintiff, or any other employee.
4. Defendants did not allow on-duty managers to share in the tips or tip pool of tipped employees.
5. To the extent any requests were made of an employee to reimburse shortages or

-5-

walkouts, such requests do not violate the FLSA, and even if did, such requests do not invalidate the use of the tip credit except for the limited pay time period when such request was made.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Respectfully submitted,

*/s/ Robert "Bobby" Lee*
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@clousebrown.com
**CLOUSE BROWN PLLC**
4245 North Central Expressway, Ste. 350
Dallas, TX 75205
Telephone: (214) 698-5100
Facsimile: (214) 481-8881

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of October, 2025 a true and correct copy of the foregoing document has been served via the Court's ECF system on counsel of record, as follows:

Aaron Johnson
**FAIR LABOR LAW**
ajohnson@fairlaworlaw.com
314 E. Highland Mall Blvd., Ste. 401
Austin, TX 78752
(512) 277-3505 – Main
(512) 664-0845 – Direct

**ATTORNEYS FOR PLAINTIFF**