**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA RAMOS, Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-CV-01594-RP** |
| | § | |
| **MEIXSELL THOMPSON LLC dba BARRELS AND AMPS, and DINA MEIXSELL,** | § § § | |
| | § | |
| *Defendants* | § | |

**JOINT AMENDED RULE 26(f) REPORT**

Pursuant to Western District of Texas Local Court Rule CV-16(d) and Federal Rule of Civil Procedure 26(f), Plaintiff Cynthia Ramos, on behalf of herself and all others similarly situated, including the three other individuals who have already filed consent forms to join this action as additional plaintiffs ("Plaintiffs"), and Defendants Meixsell Thompson LLC dba Barrels and Amps and Dina Meixsell ("Defendants") file this Joint Rule 26(f) Report. The undersigned counsel for the parties conducted their Rule 26(f) conference by phone on January 7 and February 9, 2026, as well as by email on several occasions in between and since. The parties report as follows:

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   <u>Plaintiffs' Contentions</u>: Plaintiffs allege violations of the minimum wage requirement of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206. To establish a minimum wage violation, Plaintiffs must show: (1) an employer-employee relationship existed; (2) the employment was

covered by the FLSA; (3) the employer violated the FLSA's minimum wage requirements; and (4) the amount of compensation due.

Specifically, Plaintiffs allege that Defendants paid bartenders and servers a base, or "cash," wage of $2.13 per hour and claimed a tip credit to make up the difference to the full $7.25 per hour minimum wage, but Defendants failed to meet the requirements for taking such credit. First, Plaintiffs allege that Defendants didn't inform the bartenders or servers of the FLSA's tip credit provisions, including that they must be able to retain all their tips, as required by 29 U.S.C. § 203(m)(2)(A)(ii) and 29 C.F.R. § 531.59(b). Second, Plaintiffs allege that Defendants didn't allow the bartenders or servers to retain all their tips, as required by section 203(m)(2)(A)(ii), in that (a) Defendants required the bartenders and servers to pay for customer walkouts and cash register shortages from their tips; and (b) Defendants required the bartenders and servers to share their tips with managers who weren't eligible to participate in tip pools. Plaintiffs further contend that Defendants violated 29 U.S.C. § 203(m)(2)(B), which prohibits managers or supervisors from keeping any portion of employees' tips.

Under 29 U.S.C. § 216(b), Plaintiffs file this action as a collective action and seek authorization from this Court to send notice to all former bartenders and servers employed during the applicable limitations period of their right to join this lawsuit.

Defendants' Contentions: Defendants deny that they failed to meet the requirements for being allowed to use the tip credit for bartenders and servers, as no amount was ever deducted from an employee's tips, as stated above, and no person participated in any tip pool as a manager.  In addition, even if there was a sporadic incident, such act does not invalidate the tip pool for all bartenders and servers, especially for all weeks they worked for Defendants.

**2. Are there any outstanding jurisdictional issues?**

No. The parties agree the Court has federal question jurisdiction over the FLSA claims under 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action. Venue is proper under 28 U.S.C. § 1391(b) as Defendants conducted business in, and the relevant events occurred in, Williamson County.

**3. Are there any unserved parties?**

No. Defendants were served October 10, 2025, and filed their Answer on October 28, 2025, and their Amended Answer on October 30, 2025.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Yes. The parties stipulate as follows:

A. Defendant Meixsell Thompson LLC owned and operated a business establishment known as Barrels and Amps in Georgetown, Texas, which was a bar, restaurant, and live music venue located at 718 South Austin Avenue, Georgetown, TX 78626.

B. Barrels and Amps closed for business in December 2024.

C. For all of 2023 through the time it closed for business in 2024, Barrels and Amps was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, and in that it had an annual gross

volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

D. At all times they worked for Barrels and Amps, Plaintiff Cynthia Ramos and Barrels and Amps's other bartenders and servers were "employees," as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)).

E. At all times that Cynthia Ramos and Barrels and Amps's other bartenders and servers worked for Barrels and Amps, Defendants Meixsell Thompson LLC dba Barrels and Amps and Dina Meixsell were their "employers," as defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

F. For all of 2023 through the time it closed for business in 2024, Defendant Dina Meixsell:

1) had an ownership interest in Barrels and Amps;

2) was the director and registered agent of Defendant Meixsell Thompson LLC dba Barrels and Amps;

3) exercised operational control over Barrels and Amps;

4) exercised final authority over almost all decisions on Barrels and Amps' general business matters; and

5) possessed and exercised the authority to hire and fire Barrels and Amps' employees.

G. Defendant Dina Meixsell determined the rate and method of Cynthia Ramos's and Barrels and Amps' other bartenders' and servers' compensation; maintained Cynthia

Ramos's and Barrels and Amps' other bartenders' and servers' employment records; and handled Cynthia Ramos's and Barrels and Amps' other bartenders' and servers' payroll.

H. Cynthia Ramos worked as a bartender and server at Barrels and Amps.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

The parties' stipulations above narrow the issues in dispute significantly.

The parties dispute whether Barrels and Amps' bartenders and servers are similarly situated such that the Court should authorize notice to them. Therefore, the parties agree that Plaintiffs must file a contested motion for notice for the Court to resolve.

Following resolution of the notice issue, then subsequently discovery on the merits, the parties may be able to narrow the legal and factual disputes regarding whether Defendants violated the FLSA's tip credit requirements via summary judgment.

**6. Are there any issues about preservation of discoverable information?**

There are no disputes at this time regarding preservation.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The parties do not anticipate issues with disclosure or discovery of electronically-stored information. To the extent relevant electronic information exists, the following formats will likely be the most appropriate and are the default expectations if the data already exists in or can readily be exported to these formats: (1) Microsoft Excel (XLSX) for structured data such as payroll records, tip distribution logs, and POS reports; (2) Comma-Separated Value (CSV) as an alternative for database exports; (3) searchable Portable Document Format (PDF) for documents, emails, and policies. Should the parties propose to diverge from those default formats, or to the

extent it isn't clear which category applies, the parties will confer about the best format for production, taking into account which format will be most readily useable by both sides; the format(s) in which the records already exist; and the format(s) in which they can readily be exported.

Electronically-stored information will be preserved in native format to maintain data integrity. The parties reserve the right to request that electronically-stored information be produced in its native format, including any metadata or embedded data, if proportional to the needs of the case and necessary for authentication or analysis.

8. **What are the subjects on which discovery may be needed?**

Plaintiff would like to obtain discovery on the following subjects:

- Identification of all bartenders and servers employed during the three-year limitations period, including their contact information, job positions and duties, pay rates, and dates of employment;

- Any notice regarding the tip credit that Defendants provided to Plaintiffs or any bartenders or servers; and

- Defendants' policies and practices regarding tips, the tip credit, customer walkouts, and cash shortages, tip-pooling, and inclusion of any managers in tip pools, including any variations in how those policies and practices applied to different bartenders and servers.

- Plaintiffs' and all bartenders' and servers' dates and hours worked, wages and tips received, deductions from tips or wages, and tip distributions;

- Willfulness of alleged FLSA violations and Defendants' affirmative defenses, including good faith compliance and reliance on administrative guidance.

Defendants would like detailed discovery on Plaintiff's claims that the tip pool was invalidated, including, but not limited to, claims that (a) Defendants deducted the tips of bartenders and servers, or (b) that a person working as a manager for Defendants took tips from the tip pool. Defendants contend that very specific dates and actions are required to be provided by any person that is a party involved in this matter. Defendants also need information on what damages Plaintiffs are claiming to be entitled to for these alleged sporadic events.

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties have not exchanged initial disclosures. The parties will serve their initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 30 days of this report.

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No formal discovery has been completed to date. Since Plaintiffs filed this case as an FLSA collective action, Plaintiffs contend that the Court must first resolve the issue of whether to authorize notice to any other potentially similarly situated employees before the parties can proceed with merits discovery and before the parties can propose dates for each of the events in the Court's form scheduling order.

Under *Swales v. KLLM Transport Services, L.L.C.*, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." 985 F.3d 430, 441 (5th Cir. 2021).

Plaintiffs contend that the following facts and legal considerations will be material to determining whether other bartenders and servers are similarly situated to Plaintiff Cynthia Ramos and the other plaintiffs who have already opted into the lawsuit:

- Identification of all bartenders and servers employed during the three-year limitations period, including their contact information, job positions and duties, pay rates, and dates of employment;

- Any notice regarding the tip credit that Defendants provided to Plaintiffs or any bartenders or servers; and

- Defendants' policies and practices regarding tips, the tip credit, customer walkouts, and cash shortages, tip-pooling, and inclusion of any managers in tip pools, including any variations in how those policies and practices applied to different bartenders and servers.

Plaintiffs propose that the court authorize preliminary discovery on the collective action for a period of sixty days from the date of the Court's order.

Defendants do not agree, and believe that briefing and a hearing on the scope of the lawsuit should be determined before any extensive discovery or notices.

The parties propose that the Court **not** enter a scheduling order covering the deadlines in its form scheduling order at this time, almost all of which would occur after preliminary discovery and any notice and opt-in period. The parties don't know at this moment when preliminary discovery will be completed, when the court will rule on the motion for notice, or how long the court will allow for the notice and opt-in period, if any. Since the deadlines in the form scheduling order are based on when the merits discovery period begins, and we don't know yet when that will

be in this collective-action context, any guesses about practicable deadlines for the merits stage wouldn't be well founded.

Instead, the parties propose to submit a joint proposed scheduling order using the Court's form scheduling order—which covers the remainder of discovery on the merits as well as the rest of the events in this litigation—after the Court has ruled on Plaintiffs' motion for notice and after any subsequent notice period has concluded.

**11. What, if any, discovery disputes exist?**

None at this time.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

At this time, the parties anticipate that they will be able to resolve any issues which may arise related to claims of privilege or of protection as to trial-preparation material. In the event the parties are unable to resolve any such issues, they will notify the court.

**13. Have the parties discussed early mediation?**

Yes. The parties engaged in pre-litigation settlement discussions, but were not able to come close to any resolution due to their disagreement on fundamental issues bearing on liability and damages; however, the parties will agree to attend mediation after the initial round of discovery at the merits stage (after resolution of Plaintiffs' motion for notice and any notice period).

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the Court's attention?**

The parties will submit a confidentiality and protective order for the Court's consideration before employee documentation is provided by Defendants.

The parties agree and hereby consent to service of papers by email in this action, as contemplated by Federal Rule of Civil Procedure 5(b)(2)(E).

Respectfully submitted,

By: _/s/ Aaron Johnson_
**Aaron Johnson**
State Bar No. 24056961
ajohnson@fairlaborlaw.com
**FAIR LABOR LAW**
314 E. Highland Mall Blvd., Suite 401
Austin, Texas 78752
Telephone: (512) 277-3505
Direct: (512) 664-0845
Fax: (512) 277-3254

**ATTORNEY FOR PLAINTIFFS**

By: _/s/ Robert (Bobby) Lee_
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@clousebrown.com
**CLOUSE BROWN PLLC**
4245 North Central Expressway, Suite 350
Dallas, Texas 75205
Telephone: (214) 698-5100
Direct: (214) 220-0609
Fax: (214) 481-8881

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on February 16, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

By: _/s/ Aaron Johnson_
Aaron Johnson