IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CYNTHIA RAMOS, Individually and On Behalf of All Others Similarly Situated, § § § § | | |
| *Plaintiff* § § | | |
| v. § | CIVIL ACTION NO. 1:25-CV-01594-RP | |
| § | | |
| MEIXSELL THOMPSON LLC dba BARRELS AND AMPS, and DINA MEIXSELL, § § § § § | | |
| *Defendants* § | FLSA Collective Action | |

### PLAINTIFFS' MOTION FOR PRELIMINARY DISCOVERY REGARDING SIMILARLY SITUATED EMPLOYEES

Plaintiffs respectfully request that the Court authorize preliminary discovery to determine whether a group of employees is similarly situated for purposes of authorizing notice of their right to join this putative FLSA collective action as opt-in plaintiffs.

### I. PROCEDURAL POSTURE

Named Plaintiff Cynthia Ramos filed this lawsuit on October 2, 2025, as a putative collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA). Dkt. 1. The same day, Opt-In Plaintiffs Joseph Razer and Robert Braunschweiger filed their consents to join the lawsuit. Dkt. 3. On October 8, 2025, Opt-in Plaintiff Megan Hebert filed her consent to join. Dkt. 7.

On February 16, 2026, the parties filed their Joint Rule 26(f) Conference Report, stating:

Under *Swales v. KLLM Transport Services, L.L.C.*, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." 985 F.3d 430, 441 (5th Cir.

2021).

*Id.* But the parties didn't agree on the scope of preliminary discovery that the Court should authorize. The same day, the parties filed their Joint Proposed Scheduling Order, in which they included the following proposed deadline:

> IT IS THEREFORE ORDERED that Plaintiffs file a **motion for collective action** notice by February 24, 2026, addressing what facts and legal considerations will be material to determining whether notice should issue and the appropriate scope of preliminary discovery.

Dkt. 14 (emphasis added). The bolded language was a typo. The parties meant to propose that deadline for Plaintiffs to file this **motion for preliminary discovery**. After all, the purpose of preliminary discovery is to is to inform the subsequent motion for notice.[1]

## II. PLAINTIFFS' CLAIMS

In order to determine the appropriate scope of preliminary discovery, the Court must ascertain "what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' " *Swales*, 985 F.3d at 441. In order to determine what facts and legal considerations will be material, the Court needs to know the nature of Plaintiffs' claims.

Plaintiffs allege violations of the FLSA's minimum wage requirement. Specifically, Plaintiffs allege that Defendants paid bartenders and servers a direct, or "cash," wage of $2.13 per hour and claimed a tip credit to make up the difference to the full $7.25 per hour minimum wage, but Defendants failed to meet the requirements for taking such credit.

### A. Lack of Notice

First, Plaintiffs allege that Defendants didn't inform the bartenders or servers of the

---

[1] As indicated in the certificate of conference below, Defendants' counsel confirms his agreement that "motion for collective action notice" was a typo and the parties intended the deadline to be for this motion or preliminary notice.

FLSA's tip credit provisions, including that they must be able to retain all their tips, as required by 29 U.S.C. § 203(m)(2)(A)(ii) and 29 C.F.R. § 531.59(b).

### B. Failure to Allow Plaintiffs to Keep Tips

Second, Plaintiffs allege that Defendants didn't allow the bartenders or servers to retain all their tips, as required by section 203(m)(2)(A)(ii), in that (a) Defendants required the bartenders and servers to pay for customer walkouts and cash register shortages from their tips; and (b) Defendants required the bartenders and servers to share their tips with managers who weren't eligible to participate in tip pools.

### C. Managers Keeping Tips

Third, Plaintiffs contend that Defendants violated 29 U.S.C. § 203(m)(2)(B), which prohibits managers or supervisors from keeping any portion of employees' tips.

## III. PLAINTIFFS' PROPOSAL

Plaintiffs contend that the following facts and legal considerations will be material to determining whether other bartenders and servers are similarly situated to Plaintiff Cynthia Ramos and the other plaintiffs who have already opted into the lawsuit:

- Identification of all bartenders and servers employed during the three-year limitations period, including their contact information, job positions and duties, pay rates, and dates of employment;

- Any notice regarding the tip credit that Defendants provided to Plaintiffs or any bartenders or servers; and

- Defendants' policies and practices regarding tips, the tip credit, customer walkouts, and cash shortages, tip-pooling, and inclusion of any managers in tip pools, including

any variations in how those policies and practices applied to different bartenders and servers.

Plaintiffs propose that the court authorize preliminary discovery on the topics listed above for a period of sixty days from the date of the Court's order.

Respectfully submitted,

By: */s/ Aaron Johnson*
**Aaron Johnson**
State Bar No. 24056961
ajohnson@fairlaborlaw.com
**FAIR LABOR LAW**
314 E. Highland Mall Blvd., Suite 401
Austin, Texas 78752
Telephone: (512) 277-3505
Direct: (512) 664-0845
Fax: (512) 277-3254

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on February 24, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

*/s/ Aaron Johnson*
Aaron Johnson

### CERTIFICATE OF CONFERENCE

I certify that I conferred with Defendants' counsel, Bobby Lee, by email on February 24, 2026, and he confirmed that Defendants oppose this motion. Mr. Lee did confirm that indeed the proposed deadline Joint Proposed Scheduling Order for Plaintiffs to file a "motion for collective action notice" by February 24 was a typo, and that the parties intended the deadline to be for Plaintiffs to file this motion for preliminary discovery.

*/s/ Aaron Johnson*
Aaron Johnson