IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CYNTHIA RAMOS, Individually and On Behalf of All Others Similarly Situated, § § § § *Plaintiff* § § v. § MEIXSELL THOMPSON LLC dba § BARRELS AND AMPS, and DINA § MEIXSELL, § § *Defendants* § | | CIVIL ACTION NO. 1:25-CV-01594-RP

FLSA Collective Action |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PRELIMINARY DISCOVERY
REGARDING SIMILARLY SITUATED EMPLOYEES**

It is undisputed that, since Plaintiffs filed this case as a collective action under the FLSA, this Court must "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021); Dkt. 13, 7 (Joint Amended Rule 26(f) Report quoting same).

But Defendants ask the Court to put the cart before the horse. Defendants' Response attempts to bypass the preliminary discovery procedure mandated by *Swales* and skip to the ultimate determination of whether other employees were similarly situated—before Plaintiffs have even moved to authorize notice and briefed the issue and without the benefit of preliminary discovery precisely on the facts relevant to the "similarly situated" analysis. *See* Dkt. 18, 1 (arguing that "the claims made by Ramos, and the other Plaintiffs, cannot be answered collectively").

Plaintiffs presented a straightforward proposal for preliminary discovery, outlining the facts and legal considerations that will be material to determining whether other bartenders and servers are similarly situated to Plaintiffs. Dkt. 16, 3. Plaintiffs' proposal tracks the same framework for preliminary discovery routinely authorized by other district courts in the Fifth Circuit since *Swales*. *See, e.g.*, *Paschal v. Perry's Restaurants Ltd*, No. 1:22-CV-00027-RP, 2022 WL 17365273, at *4 (W.D. Tex. Nov. 30, 2022) (Hightower, M.J.) (authorizing preliminary discovery for 90 days, including documents pertaining to tip pool collection and distribution for employees "at all of defendants' restaurant locations and denying defendant's request for phased preliminary discovery); *Rogers v. 12291 CBW, LLC*, No. 1:19-CV-00266-MJT, 2021 WL 1156629, at *2 (E.D. Tex. Mar. 15, 2021), *amended on reconsideration in part,* No. 1:19-CV-00266-MJT, 2021 WL 11247684 (E.D. Tex. Mar. 29, 2021) (authorizing preliminary discovery for 90 days including list of potential opt-in plaintiffs with contact information and discovery on topics including: number of employees; dancer classification; job duties; job sites; pay structure; work schedules; work policies and procedures; management structure; hiring structure; work contracts; and arbitration agreements).

Defendants don't address any specific part of Plaintiffs' proposal. Instead, Defendants' Response consists almost entirely of its argument that their other employees aren't similarly situated to Plaintiffs. *See* Dkt. 18, 1-6. Defendants lay out their actual counterproposal in the last sentence of their conclusion: "As a result, discovery should be limited to the three (3) Plaintiffs that are part of this lawsuit." Dkt. 18, 7. That proposal doesn't address "what facts and legal considerations will be material to determining whether a group of employees is similarly situated." Instead, it would foreclose preliminary discovery on precisely the facts relevant to the "similarly

situated" determination. In other words, it would just deny preliminary discovery entirely, in contravention of *Swales*. Not only do Defendants request that the Court make the "similarly situated" determination without the benefit of any preliminary discovery, but they request the Court do so based on the bare assertions in Defendants' Response, unsupported by any evidence.

Defendants' argument is misplaced. They'll have the opportunity to address the "similarly situated" analysis in response to Plaintiffs' eventual motion to authorize notice to similarly situated employees, which will come after the preliminary discovery required by *Swales*. Plaintiffs too will have plenty to say on that subject when the time comes.

For now, the only question properly before the Court is the scope of preliminary discovery. Therefore, Plaintiffs respectfully request that the Court authorize preliminary discovery as outlined in Plaintiff's motion.

Respectfully submitted,

By: */s/ Aaron Johnson*
**Aaron Johnson**
State Bar No. 24056961
ajohnson@fairlaborlaw.com
**FAIR LABOR LAW**
314 E. Highland Mall Blvd., Suite 401
Austin, Texas 78752
Telephone: (512) 277-3505
Direct: (512) 664-0845
Fax: (512) 277-3254

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      In accordance with the Federal Rules of Civil Procedure, I hereby certify that on March 16, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

                                        */s/ Aaron Johnson*
                                        Aaron Johnson