**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| CYNTHIA RAMOS, Individually and on behalf of All Other Similarly Situated, | §<br>§<br>§<br>§ | |
| *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:25-cv-1594 |
| MEIXSELL THOMPSON LLC d/b/a BARRELS AND AMPS, and DINA MEIXSELL, | §<br>§<br>§<br>§<br>§ | |
| *Defendants*. | §<br>§ | |

## <u>DEFENDANT MEIXSELL THOMPSON LLC'S OBJECTION AND RESPONSES TO PLAINTOFF'S NOTICE OF RULE 30(b)(6) DEPOSITION</u>

Defendant Meixsell Thompson, LLC ("Defendant" or the "Company"), by and through undersigned counsel, serves the following objections and responses to Plaintiffs' Notice of Rule 30(b)(6) Deposition. These objections are made pursuant to Federal Rules of Civil Procedure 26, 30, and 30(b)(6), the applicable Local Rules of the United States District Court for the Western District of Texas, and any governing scheduling or discovery orders entered in this case. Defendant objects to the noticed topics to the extent they require Defendant to provide final, complete, exhaustive, or binding testimony regarding historical employment, payroll, tip-credit, tip-pooling, notice, customer walkout, cash-shortage, and employee-contact information before Defendant has had a reasonable opportunity to locate, collect, review, and analyze potentially responsive records and information.

Defendant's business shut down and access to former employees is limited. It will take significant time to locate all persons with potential knowledge to properly answer all issues, and Defendants have not yet had sufficient time to complete its investigation into the matters identified in the notice.

### Additional Objections

1. **Company No Longer Operating / Limited Access to Historical Information.** Defendant objects to the noticed topics to the extent they assume that Defendant has immediate access to complete historical personnel, payroll, point-of-sale, tip, scheduling, tax, and employment records, or immediate access to all former bartenders, servers, managers, owners, payroll personnel, bookkeepers, accountants, or vendors. The Company is no longer operating. Many potentially relevant witnesses are former employees or third parties who are not presently under Defendant's control. Defendant is undertaking reasonable efforts to identify and obtain information from sources that are known and reasonably available to it, but Defendant cannot be required to testify to information that is not presently known or reasonably available after reasonable inquiry.

2. **Rule 30(b)(6) Reasonable-Availability Limitation.** Defendant objects to the noticed topics to the extent they seek testimony beyond the scope of Rule 30(b)(6). Defendant will make a reasonable, good-faith effort to designate and prepare one or more witnesses to testify regarding nonprivileged information known or reasonably available to the Company at the time of the deposition. Defendant objects to any implication that Rule 30(b)(6) requires Defendant to produce a witness with perfect recall, personal knowledge of every historical event, or knowledge of information that cannot reasonably be located or reconstructed at this stage of discovery.

3. **Overbreadth, Undue Burden, and Proportionality.** Defendant objects to the noticed topics as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent they seek testimony concerning "all" bartenders and servers, "any" notice, "all" witnesses with knowledge, and "any variations" in policies or practices during an entire three-year period, without reasonable limitation by location, time, decisionmaker, document source, payroll period, or policy. Defendant further objects to the extent the topics seek information more appropriately obtained, at least initially, through written discovery, document production, payroll records, personnel records, or third-party subpoenas.

4. **Possession, Custody, or Control.** Defendant objects to the noticed topics to the extent they seek information or documents not within Defendant's possession, custody, or control, including information held solely by former employees, former managers, third-party payroll providers, accountants, point-of-sale vendors, banks, or other third parties. Defendant will make reasonable efforts to identify and obtain information that is reasonably available to it.

5. **Vagueness and Legal Conclusions.** Defendant objects to the noticed topics to the extent they use vague, undefined, or legally loaded terms, including "tip credit," "notice," "managers," "tip pools," "cash shortages," "customer walkouts," "duties," "limitations period," and "variations." Defendant further objects to the extent the topics call for legal conclusions, including conclusions regarding the legal sufficiency of any tip-credit notice, whether any person qualifies as a "manager" or "supervisor" under the FLSA or other law, or whether any policy or practice complied with the FLSA.

6. **Attorney-Client Privilege and Work Product.** Defendant objects to the noticed topics to the extent they seek attorney-client communications, attorney work product, counsel's mental impressions, litigation strategy, legal analysis, or information obtained or developed by counsel in anticipation of litigation. Defendant does not waive, and expressly preserves, all applicable privileges and protections.

Defendant's investigation is ongoing. Defendant reserves the right and acknowledges its obligation, as applicable, to supplement or correct disclosures and written discovery responses under Rule 26(e) if Defendant later learns that a prior disclosure or response is materially incomplete or incorrect and the additional or corrective information has not otherwise been made known during discovery or in writing. Defendant further reserves the right to produce additional documents and to meet and confer regarding whether supplemental Rule 30(b)(6) testimony is necessary or appropriate if later-discovered information materially affects the topics noticed.

Defendants request that the parties meet and confer in good faith regarding the scope, sequencing, and timing of the Rule 30(b)(6) deposition. However, given the Court's Order, Defendants will proceed initially on the general policies and practices currently known and reasonably available to Defendants, with the parties reserving the ability to confer later regarding any genuinely necessary supplemental testimony after document discovery has progressed.

**EXHIBIT A OBJECTIONS**

**No. 2:** Any notice regarding the tip credit that Defendants provided to Plaintiffs or any bartenders or servers, including the substance of such notice, the manner in which such notice was provided, when such notice was provided, and the identity of all witnesses with knowledge of such notice.

**Objection:** Defendant objects to this topic as premature, overbroad, vague, and unduly burdensome to the extent it seeks exhaustive testimony regarding "any" tip-credit notice allegedly provided to Plaintiffs or any bartender or server during the entire relevant period, including the substance, method, timing, and all witnesses with knowledge of such notice. Defendant further objects to the topic to the extent it calls for legal conclusions regarding whether any communication, handbook, wage statement, onboarding document, poster, written policy, oral communication, or other statement constituted legally sufficient "notice" under the FLSA or any other law.  Defendant objects to the topic to the extent it requires Defendant to locate and prepare testimony based on the recollections of former managers, former owners, former employees, payroll providers, accountants, or other third parties who are not presently under Defendant's control and whose knowledge has not yet been fully investigated. Defendant also objects to the topic to the extent it seeks attorney-client communications, attorney work product, legal advice, or counsel's analysis of the legal sufficiency of any tip-credit notice.

Subject to and without waiving these objections, Defendant will designate Dina Meixsell to testify regarding nonprivileged information known or reasonably available to Defendant concerning tip-credit notices, policies, onboarding materials, written acknowledgments, payroll documents, handbooks, postings, or other relevant materials that Defendant is able to locate and review after a reasonable investigation as of the date of the deposition. Defendant reserves the

right to supplement written discovery responses and document production if additional information is later obtained.

**No. 3:** Defendants' policies and practices regarding tips, the tip credit, customer walkouts, and cash shortages, tip-pooling, and inclusion of any managers in tip pools, including any variations in how those policies and practices applied to different bartenders and servers.

**Objection:** Defendant objects to this topic as overbroad, compound, vague, premature, and disproportionate to the needs of the case as presently framed. The topic combines multiple distinct subjects: tip credit, customer walkouts, cash shortages, tip pooling, alleged manager participation in tip pools, and variations among employees—over an entire multi-year period. The topic also seeks testimony about "policies and practices" and "any variations" without reasonable limitation by date, location, decisionmaker, employee, manager, payroll period, document source, or alleged practice. Defendant further objects to the extent the topic seeks legal conclusions, including whether any individual was a "manager," whether any person was lawfully or unlawfully included in a tip pool, whether any deduction or allocation was lawful, or whether any policy complied with the FLSA or other applicable law. Defendant objects to the extent the topic seeks information that is not presently known or reasonably available to Defendant, including information dependent on the memories or conduct of former employees, former managers, former owners, or third parties who are not currently under Defendant's control.

Subject to and without waiving these objections, Defendant will designate Dina Meexsell to testify regarding nonprivileged information known or reasonably available to Defendant after reasonable investigation concerning the Company's general policies and practices regarding tips, tip credit, customer walkouts, cash shortages, tip pooling, and any known participation by management-level personnel in tip pools. Defendant's testimony will be based on

the information and records reasonably available to Defendant at the time of the deposition, and Defendant reserves the right to supplement written discovery responses and document production as additional information becomes available.

### Proposed Meet and Confer Position Moving Forward

Defendant is not refusing to produce a Rule 30(b)(6) witness. However, because the Company is no longer operating, because the noticed topics require reconstruction of historical employment, payroll, tip, and personnel information, and because discovery has only recently commenced, Defendant cannot reasonably be expected to provide complete and final organizational testimony on all topics at this time.  Defendant agree to proceed with an initial Rule 30(b)(6) deposition limited to the Company's general policies and practices currently known or reasonably available, with the parties reserving the ability to meet and confer later regarding whether narrowly tailored supplemental testimony is necessary after additional records or witness information are obtained.

Defendant will continue to make reasonable efforts to identify and obtain information reasonably available to it, including information from available records, former management, payroll or accounting sources, and other reasonably accessible sources. Defendant further agrees to supplement or correct written discovery responses in accordance with Rule 26(e) if additional or corrective information is later discovered.

Respectfully submitted,


By: */s/ Robert "Bobby" Lee*
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@clousebrown.com
**CLOUSE BROWN PLLC**
4245 North Central Expressway, Suite 350
Dallas, Texas 75205
Telephone: (214) 698-5100
Direct: (214) 220-0609
Fax: (214) 481-8881

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of July 2026 a true and correct copy of the foregoing document has been served via the Court's ECF system on counsel of record, as follows:

Aaron Johnson
**FAIR LABOR LAW**
ajohnson@fairlawborlaw.com
314 E. Highland Mall Blvd., Ste. 401
Austin, TX 78752
(512) 277-3505 – Main
(512) 664-0845 – Direct

**ATTORNEY FOR PLAINTIFFS**


*/s/ Robert "Bobby" Lee*
**Robert (Bobby) Lee**